**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| MICHAEL KING,<br><br>Plaintiff,<br><br>vs.<br><br>AARON LINDSEY, *et al*.,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 2:25-cv-592<br><br>District Judge Algenon L. Marbley<br>Magistrate Judge Peter B. Silvain, Jr. |

**ORDER**

This matter is before the Court on Plaintiff's motion for entry of default against Defendants Roush, Barnes, and Wise. (Doc. #11). Also before the Court is a joint response in opposition filed by those Defendants, as well as their motion for leave to file their answer. (Doc. #14). For the reasons that follow, Plaintiff's motion for entry of default is **DENIED** and Defendants' motion to late file their answer is **GRANTED**.

Plaintiff, a state prisoner who is proceeding *pro se*, filed this action on May 28, 2025, against Defendants Lindsey, Barnes, Roush, Doe, Wise, and Brown. (Doc. # 1-2). On July 28, 2025, the Court conducted an initial screening of the complaint as required by law. (Doc. #5). The Undersigned ordered that Plaintiff could proceed on his First and Eighth Amendment claims against Defendant Lindsey and directed the United States Marshal to serve a copy of the complaint and summons upon Lindsey. (Doc. #5, *PageID* #85-86, 92). The Undersigned recommended that all of Plaintiff's remaining claims, including all claims against Barnes, Roush, Doe, Wise, and Brown, be dismissed for failure to state a claim for relief. *Id*. at *PageID* #86-92. Because it was

recommended that all claims against those defendants be dismissed, there was no Order requiring service. Plaintiff's objections to that Report and Recommendation remain pending. (Doc. #8).

The docket reflects that Defendant Lindsey was served on August 4, 2025, and he filed an Answer on August 22, 2025. (Docs. # 6, 9). The docket also reflects that Roush, Barnes, and Wise were served, despite no order directing service. (Doc. #6). The summons was returned unexecuted as to Defendant Brown. (Doc. #7).

On October 23, 2025, Plaintiff filed a motion for the entry of default against Roush, Barnes, and Wise "for failure to Appear, Answer, or otherwise defend" against his complaint. (Doc. #11, *PageID* #131-33). On November 11, 2025, those defendants filed a joint opposition to Plaintiff's motion, as well as a motion for leave to late file an answer. (Doc. #14). They argue that the Prison Litigation Reform Act (PLRA) creates an exception to ordinary pleading requirements, under which they were not required to reply to the complaint in the absence of an explicit Court order otherwise. *Id*. at *PageID* #146-48. They also request leave to late file an answer on the basis that their counsel mistakenly believed the District Judge adopted the recommendation that they be dismissed from this case. *Id*. at *PageID* #146.

Obtaining a default judgment is a two-step process governed by Fed. R. Civ. P. 55. Under Rule 55(a), the Clerk "must" enter a default if the application shows that a party was properly served and failed to timely appear. But here, Defendants Roush, Barnes, and Wise should not have been served. Indeed, in a Report and Recommendation that remains pending, Plaintiff's claims against those Defendants have been recommended dismissed.

Additionally, under the PLRA, defendants have the option to waive their right to reply to a prisoner's lawsuit:

> **(g) Waiver or reply**
>
> **(1)** Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.
>
> **(2)** The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.

42 U.S.C. § 1997e(g). "Accordingly, 'prisoner plaintiffs filing suit under § 1983 are not entitled to entry of default against a defendant who has been properly served, but nevertheless has not filed any reply.'" *Feaster v. Chambers-Smith*, No. 1:22-cv-313, 2023 WL 7413002, at *2 (S.D. Ohio May 2, 2023) (quoting *Lafountain v. Martin*, No. 1:07-cv-76, 2009 WL 4729933, at *4 (W.D. Mich. Dec. 3, 2009) (collecting cases)). *See also Castellon v. Hinkle*, No. 2:20-cv-06420, 2021 WL 2069764, at *2 (S.D. Ohio May 24, 2021) (although the Court ordered service on the defendant, this was not the equivalent of an order requiring the defendant's reply; the Court therefore denied the plaintiff's application for entry of default and motion for default judgment), *report and recommendation adopted*, 2022 WL 278163 (S.D. Ohio Jan. 31, 2022).

For these reasons, **IT IS ORDERED THAT** Plaintiff's motion for the entry of default (Doc. #11) is **DENIED**. Additionally, the Court **GRANTS** Defendants' motion to file their answer. (Doc. #14).

**IT IS SO ORDERED.**

July 31, 2026

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge