**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| MICHAEL KING, | : | Case No. 2:25-cv-592 |
| Plaintiff, | : | |
| vs. | : | District Judge Algenon L. Marbley<br>Magistrate Judge Peter B. Silvain, Jr. |
| AARON LINDSEY, *et al*., | : | |
| Defendants. | : | |

**ORDER and**
**REPORT AND RECOMMENDATION**[1]

This matter is before the Court on Plaintiff's Motion for the Appointment of Counsel (Doc. #18), Plaintiff's Motion for Leave to Amend his Complaint (Doc. #19), and Defendants' Opposition to the Motion to Amend, (Doc. #20). For the following reasons, the Court **DENIES** Plaintiff's Motion for the Appointment of Counsel (Doc. #18) and **RECOMMENDS** Plaintiff's Motion for Leave to Amend (Doc. #19) be **DENIED**.

## I. Background

Plaintiff, who is proceeding *pro se*, is a prisoner in the custody of the Ohio Department of Rehabilitation and Correction (ODRC). He is currently incarcerated at the Trumbull Correctional Institution (TCI) in Leavittsburg, Ohio, but most of the factual allegations forming the basis of his initial complaint are alleged to have occurred during his incarceration at the Chillicothe Correctional Institution (CCI) in Chillicothe, Ohio. (Doc. #1-2).

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

Plaintiff filed this action on May 28, 2025. (Doc. 1). The operative complaint brings claims against four defendants at CCI: investigator Aaron Lindsey, Rules Infraction Board (RIB) chairperson Steve Barnes, RIB member C. Roush, and investigator John Doe. (Doc. 1-2). Plaintiff also names Brad Wise, Director of Recovery Services at TCI, and V. Brown, Office of Chief Legal Counsel, as defendants. *Id*. The initial complaint concerns events that occurred between December 2024 and January 2025. In pertinent part, Plaintiff alleges that Defendant Lindsey retaliated against him in December 2024 because Plaintiff threatened to file a grievance against him based on Lindsey's use of racially derogatory terms. *Id*. Plaintiff also asserts claims for violation of due process in connection with his RIB hearing and appeal, denial of equal protection, and cruel and unusual punishment based on the conditions of his confinement while placed in segregation at CCI. *Id*.

On July 28, 2025, the Undersigned conducted an initial screening of the complaint as required by the Prison Litigation Reform Act of 1995 (PLRA). (Doc. #5). The Court ordered that Plaintiff could proceed on his First Amendment retaliation and Eighth Amendment conditions of confinement claims against Defendant Lindsey. *Id*. at 85-86. The Undersigned recommended that all of Plaintiff's remaining claims, including all claims against Defendants Barnes, Roush, John Doe, Wise, and Brown be dismissed for failure to state a claim for relief. *Id*. at 86-92. Plaintiff's objections to that Report and Recommendation are pending. (Doc. #8).

In August 2025, service was perfected on all Defendants except Defendant V. Brown. (Docs. # 6, 7). On August 22, 2025, Defendant Lindsey filed an Answer to the complaint. (Doc. # 9). On December 8, 2025, Plaintiff filed the instant Motion for the Appointment of Counsel, as well as a Motion to Amend his Complaint in order to add new defendants and assert new claims

based on incidents that occurred after the filing of this action. (Docs. #18, 19). The Court addresses the motions in turn.

## II. Motion for the Appointment of Counsel

Plaintiff asks the Court to appoint counsel on the basis that he cannot afford counsel and the issues in this case are complex. (Doc. #18, *PageID* #173). But there is no legal or constitutional right to appointed counsel in a civil case. *Lavado v. Keohane,* 992 F.2d 601, 605-06 (6th Cir. 1993) (citations omitted). The appointment of counsel is justified in exceptional circumstances only and is within the discretion of the trial court. *Id*. at 604, 606. Congress has not provided funds to compensate lawyers who might agree to represent indigent plaintiffs in civil cases, and there are not enough lawyers who can absorb the costs of representing them on a voluntary basis to allow the Court to appoint counsel for all indigent plaintiffs.

With that said, the Court makes every effort to appoint counsel when a case proceeds to trial. The Court also attempts to appoint counsel at an earlier stage if exceptional circumstances exist. Here, it does not appear that exceptional circumstances exist at this time, and the Court hereby **DENIES** Plaintiff's motion. (Doc. #18). If this case proceeds past dispositive motions and is proceeding to trial, Plaintiff may file a renewed motion to appoint counsel.

## III. Motion for Leave to Amend the Complaint

Turning to the motion for leave to amend the complaint, Plaintiff seeks to join new claims and parties to this matter. Specifically, Plaintiff alleges that he was transferred from CCI to TCI, and while at TCI, he has been retaliated against for filing the instant action against Defendant Lindsey. (Doc. # 19-1, *PageID* #189). Plaintiff seeks to add the following TCI defendants: investigator Waylon Wine, correctional sergeant Austin Yemma, correctional lieutenant Ray Brock, institutional inspector Felepa Lowery, and financial associate Joshua Miller. *Id*. at 185.

In the proposed amended complaint, Plaintiff alleges that "[s]hortly after Defendants were served in the instant case TCI staff began a campaign of harassment and retaliation against Mr. King that continues to the present; indeed, he was personally told by more than one CO that he was the target of Wine specifically because Plaintiff had filed this lawsuit against his counterpart at CCI." *Id*. at 189. Plaintiff further states that he "was told that there was an email sent between these two investigators [Wine and Lindsey] where they had a meeting of the minds to deprive Mr. King of his constitutional rights." *Id*. at 190.

As evidence of this agreement to retaliate, Plaintiff recounts that on August 12, 2025, Defendant Brock "targeted" him by searching his cell in a manner that was "clearly done to harass and retaliate against Mr. King given the fact that all of his legal materials (particularly those related to the instant case) were scattered all over the cell, some placed in the toilet while others had liquids spilled on them so that they were unintelligible; the cell search lasted forty minutes, four times the average length of such a search." *Id*. He also alleges that on August 20, 2025, Defendants Yemma and Miller woke him at 2:55 a.m. and "insisted that he strip completely naked, bend over, and spread his buttocks; this was done with Mr. King's cell door wide open so that other inmates could watch, with several officers present to witness this cruel and unusual punishment, and both Yemma and Miller made several lewd and inappropriate comments." *Id*. He states that his cell was "again torn apart and again his legal materials (particularly those he had replaced in the instant case) were in disarray and destroyed deliberately . . . ." *Id*.

Based on the above allegations, Plaintiff seeks to add new claims for civil conspiracy and First Amendment retaliation against Lindsey and proposed defendants Wine, Lowery, Miller, Yemma, and Brock. *Id.* at 191.

**A. Standard of Review under Rule 15(a)**

Federal Rule of Civil Procedure 15(a) provides that a complaint may be amended once as a matter of course within 21 days of service of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). If a plaintiff wishes to amend the complaint after the 21-day period has expired, he must obtain consent of the opposing party or leave of the Court. Fed. R. Civ. P. 15(a)(2).

Plaintiff states he is entitled to amend his complaint as a matter of course because "[n]o Defendant has (as yet) Answered in the instant action . . . ." (Doc. #19). This is a misrepresentation of the proceedings, as the Court's docket reflects that Defendant Lindsey filed an Answer to the complaint on August 22, 2025. (Doc. # 9). Accordingly, Plaintiff had until Friday, September 12, 2025, to amend his complaint as a matter of course and that time elapsed. Because Defendants oppose amendment (Doc. #20), leave of court to amend is required.

Rule 15 states that leave to amend should be freely given when justice so requires. But a court should deny leave "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**B. Discussion**

Plaintiff seeks to add new claims against Defendant Lindsey and the proposed TCI defendants Wine, Lowery, Miller, Yemma, and Brock for civil conspiracy to violate his

constitutional rights and for First Amendment retaliation. For the following reasons, Plaintiff's motion to amend the complaint should be denied as futile.

1. *Plaintiff fails to state a conspiracy claim*

The proposed amended complaint fails to set forth any facts from which the Undersigned could construe a conspiracy claim. "A civil conspiracy is an agreement between two or more persons to injure another by unlawful action." *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003) (citing *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985)). A plaintiff is required to demonstrate "a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." *Hooks*, 771 F.2d at 943-44. In addition, "[c]laims of conspiracy must be pled with some specificity: vague and conclusory allegations that are unsupported by material facts are not sufficient to state a § 1983 claim." *Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004); *see also Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) ("[P]leading requirements governing civil conspiracies are relatively strict." (citation omitted)).

Here, Plaintiff makes only vague and conclusory allegations that defendant Lindsey and proposed defendants Wine, Brock, Yemma, Lowery, and Miller engaged in a civil conspiracy to violate his constitutional rights, and he does not plausibly plead any specific facts to support those allegations. *Farhat*, 370 F.3d 580, 599. Plaintiff alleges that he was "personally told that he was being targeted by [TCI] Investigator (Wine) because he had sued the Investigator in CCI, Aaron Lindsey; Mr. King was told that there was an email sent between these two investigators where they had a meeting of the minds to deprive Mr. King of his constitutional rights." (Doc. #19-1, *PageID* #189). However, even if the Court accepts as true Plaintiff's allegation that Lindsey and Wine reached a "meeting of the minds" via email, Plaintiff has not pled facts connecting this

agreement to any overt act that was carried out in furtherance of the alleged conspiracy. Although he alleges that Brock, Yemma, and Miller subjected him to allegedly retaliatory searches, he has not tied the actions of those individuals to any agreement reached by Lindsey and Wine. He also fails to connect Lowery's handling of his informal complaint to the existence of any conspiracy or agreement. In sum, Plaintiff's allegations are insufficient to plausibly allege that six different officials at two different ODRC institutions conspired against him by engaging in a single plan to deprive him of his constitutional rights.

Plaintiff also references conspiracy under 42 U.S.C. § 1985(3). To state a claim under § 1985(3), a plaintiff must allege "'(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.'" *Hill v. Pell*, No. 24-3268, 2025 WL 948425, *2 (6th Cir. Jan. 21, 2025) (quoting *Webb v. United States*, 789 F.3d 647, 671-72 (6th Cir. 2015) (quoting *Vakilian* v. *Shaw*, 335 F.3d 509, 518-19 (6th Cir. 2003)). This claim also fails, because Plaintiff fails to plausibly allege that Lindsey or the proposed TCI defendants engaged in a conspiracy to deprive him, an African American, of equal protection of the laws and that they committed an act in furtherance of the conspiracy which was motivated by racial or other class-based discriminatory animus. *See, e.g., Pahssen v. Merrill Cmty. Sch. Dist.*, 668 F.3d 356, 368 (6th Cir. 2012) (finding that to allege a claim under § 1985(3), plaintiffs "must come forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective") (quoting *Hinkle v. City of Clarksburg, W. Va.*, 81 F.3d 416, 421 (4th Cir. 2996)). Here, Plaintiff fails to allege

sufficient facts to support any specific agreement to engage in concerted action against him, and his vague and conclusory allegations of conspiracy are insufficient to state a claim under 1985(3).

*2. Plaintiff fails to state a new retaliation claim*

In the proposed amended complaint, Plaintiff alleges that Lindsey, as well as Wine, Lowery, Miller, Yemma, and Brock, retaliated against him for filing the instant action by searching his cell and person. (Doc. #19-1, *PageID* #190).

A prisoner's claim of retaliation for engaging in protected conduct is grounded in the First Amendment. *Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999). Retaliation claims require a plaintiff to show that: (1) he engaged in protected conduct; (2) the defendants took an adverse action against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two; in other words, that the adverse action was motivated at least in part by the plaintiff's protected conduct. *Id.* at 394.

For purposes of the instant motion for leave to amend, the Court assumes that Plaintiff sufficiently alleges elements one and two. Regarding the first element, as relevant here, "incarcerated people have a First Amendment right to file non-frivolous grievances and lawsuits against prison officials." *Brown v. Mahlman*, 2024 WL 248580, ¶ 10 (S.D. Ohio 2024) (Litkovitz, M.J.) (adopted by *Brown v. Mahlman*, 2024 WL 1340261 (S.D. Ohio 2024)) (citing *Maben v. Thelen*, 887 F.3d 252, 264 (6th Cir. 2018)). Regarding the second element, "'only *de minimis* violations should be dismissed as a matter of law; in general, the adverseness question should survive the pleading stage.'" *Maben v. Thelen*, 887 F.3d 252, 266 (6th Cir. 2018) (quoting *Kennedy v. Bonevelle*, 413 F. App'x 836, 840 (6th Cir. 2011)). *See also Williams v. Stevenson*, No. 20-1121, 2020 WL 8512263, *2 (6th Cir. Sept. 30, 2020) ("Accepting all well-pleaded factual

allegations . . . as true, as we must at this stage, we conclude that Williams has provided sufficient factual matter to state a retaliation claim based upon defendants' alleged shakedown of his cell."); *Brown*, 2024 WL 248580, at ¶ 13 ("Retaliatory cell searches and seizure or destruction of an inmate's legal papers or property satisfy the adverse action requirement.") (citing *Maben*, 887 F.3d at 267).

As to the third element, it is the plaintiff who bears the initial burden of establishing that defendants acted with a retaliatory motive. Plaintiff's subjective belief that he has been retaliated against is insufficient, *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997), because it is the "subjective motivation of the defendants" that is at issue. *Maben*, 887 F.3d at 266. A plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *Heyward v. Cooper*, 88 F.4th 648, 657-58 (6th Cir. 2023). Conclusory allegations and merely asserting the ultimate fact of retaliation is insufficient to state a claim for relief. *Id*. *See also Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005). In other words, a plaintiff must show a "causal connection" between the protected conduct and the adverse action. *Thaddeus-X*, 175 F.3d at 394.

As applied here, Plaintiff's retaliation claim fails on the third element because he has not plausibly alleged a causal connection between his filing a lawsuit against Defendant Lindsey, an investigator at CCI, and the actions of the proposed TCI defendants. Plaintiff concludes that a conspiracy existed between Lindsey and Wine and therefore the searches by Brock, Yemma, and Miller were retaliatory. This is insufficient to state a claim for relief. An inmate is not shielded from adverse administrative action at the hands of prison officials simply because he filed a lawsuit before the adverse actions were taken.

For these reasons, Plaintiff's motion for leave to amend his complaint should be denied because amendment would be futile. Plaintiff fails to sufficiently state any additional claims for relief.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for the appointment of counsel (Doc. #18).

Because the supplemental allegations set forth in the proposed amended complaint fail to state an additional claim for relief and thus cannot survive screening, it is **RECOMMENDED** that the Court **DENY** Plaintiff's motion for leave to amend (Doc. #19) on futility grounds.

July 31, 2026

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge