**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL KING,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:25-cv-00592** |
| | : | |
| **v.** | : | **Judge Algenon L. Marbley** |
| | : | |
| **AARON LINDSEY, *et al.*,** | : | **Magistrate Judge Peter B. Silvain, Jr.** |
| | : | |
| | : | |
| **Defendants.** | : | |

**OPINION & ORDER**

Before this Court are the Magistrate Judge's Report and Recommendation ("R&R") (ECF No. 5) and Plaintiff Michael King's Objections to the R&R (ECF No. 8-1). In his Report and Recommendation, the Magistrate Judge recommended that this Court allow Plaintiff's First and Eighth Amendment claims against Defendant Lindsey to proceed for further development and dismiss the remaining claims contained in Plaintiff's Complaint under § 1915(e)(2)(B) for failure to state a claim on which relief can be granted. (ECF No. 5 at 1). For the reasons that follow, this Court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 5) and **OVERRULES** Plaintiff's Objections. (ECF No. 8-1).

## I. BACKGROUND

Plaintiff, proceeding *in forma pauperis* and without the assistance of counsel, filed his Complaint on May 28, 2025. (ECF No. 3). Plaintiff seeks relief under 42 U.S.C. § 1983, alleging that a group of Chillicothe Correctional Institution officers violated his civil rights in various ways. (*Id.* at ¶¶ 13–19). Plaintiff contends that Defendants caused him loss of job privileges, preferred housing classification, and loss of ability to earn "good time" credit, which, if earned, would allow an earlier release. Plaintiff raises claims of retaliation, denial of due process and equal protection,

and defamation. Plaintiff names six Defendants: Aaron Lindsey, Steve Barnes, Brad Wise, V. Brown, C. Roush, John Doe. (ECF No. 3 ¶¶ 6–12). For relief, Plaintiff requests $1 million, expungement of the alleged false conduct report, and injunctive relief restoring Plaintiff's loss of privileges in prison. (*Id* ¶¶ 50-57).

In the Report and Recommendation, the Magistrate Judge construed Plaintiff's Complaint as asserting a Section 1983 claim in violation of the First, Eighth, and 14th Amendments. (ECF No. 5 at 6). On August 18, 2025, Plaintiff timely filed objections. (*Id.* at 1). This Court will now address Plaintiff's objections in turn below.

## II. STANDARD OF REVIEW

When reviewing a party's objections to a Report and Recommendation, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In so doing, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction." *Id.*

When a plaintiff proceeds *in forma pauperis*, "the court shall dismiss" his complaint or any portion of it that: "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). To state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands

on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Thus, to survive screening, a complaint must contain sufficient facts which, if accepted as true, would plausibly state a claim upon which relief may be granted.

## III. LAW AND ANALYSIS

Plaintiff objects that the Magistrate Judge addressed only procedural due process and failed to consider his separately pleaded substantive-due-process claim. He further argues that the disciplinary conviction deprived him of a protected liberty interest by making him ineligible to earn sentence credits, preventing his participation in prison programming, and causing the denial of judicial release. The Court reviews these objections de novo.

**A. Procedural Due Process Claim**

Plaintiff first contends that the Report and Recommendation misunderstood his procedural-due-process claim. The record does not support that assertion. The Report and Recommendation recognized Plaintiff's allegations that Defendants prevented him from presenting a defense, relied on an undisclosed investigator's packet, and found him guilty despite the alleged absence of supporting evidence.

Procedural protections apply only if the challenged discipline implicated a protected liberty interest. *Damron v. Harris*, 2022 WL 4587625, at *3 (6th Cir. July 28, 2022). Plaintiff relies on *Wolff v. McDonnell* and S*uperintendent v. Hill,* but those cases involved the loss of already-earned good-time credits. Here, Plaintiff alleges that the RIB decision only prevented him from earning future credits. Because the loss of a contingent opportunity to earn credits does not inevitably affect the duration of his sentence, Plaintiff has not identified a protected liberty interest. Accordingly, the Court need not determine whether the RIB afforded the procedures required by Wolff or whether its decision was supported by "some evidence" under *Hill.*

Plaintiff's remaining alleged injuries do not alter this conclusion. Although Plaintiff points to the loss of prison employment, preferred housing, participation in prison programming, commissary privileges, and an increased security classification, (ECF No. 3 ¶¶ 35–36, 38), those consequences likewise do not implicate a protected liberty interest because they do not constitute

an atypical and significant hardship in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (solitary confinement); *Harbin-Bey v. Rutter*, 420 F.3d 571, 576–77 (6th Cir. 2005) (security classification); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (classification and rehabilitative programs). Accordingly, Plaintiff has failed to allege the deprivation of a protected liberty interest sufficient to trigger the procedural protections recognized in *Wolff* and *Hill*. His procedural-due-process objection is therefore overruled.

**B. Substantive Due Process Claim**

Plaintiff next objects that the Report and Recommendation failed to address his substantive due process claim. But Plaintiff's substantive due process label does not create a materially different constitutional theory than the procedural due process face of his claim. Plaintiff characterizes the RIB's allegedly unsupported guilty finding as arbitrary governmental action. (ECF No. 8-1 at 2). But the substance of his claims remains that Barnes and Roush withheld the investigator's packet, prevented him from presenting a defense, found him guilty without sufficient evidence, Brown upheld that decision on appeal, and the penalties imposed prevented him from earning good time credits. (ECF Nos. 8-1 at 2–3, 5–6). These allegations challenge the *procedures* used and the evidentiary basis for the disciplinary decision.

Procedural due process concerns the means by which the government reaches a decision. *See Howard v. Grinage*, 82 F.3d 1343, 1349–50 (6th Cir. 1996). In contrast, substantive due process concerns whether the government may take the challenged action at all, regardless of the fairness of procedures provided. *See id.* To state a substantive due process claim, Plaintiff must identify the infringement of a fundamental right or governmental conduct sufficiently egregious to shock the conscience. *See Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998); *Prater v. City of Burnside,* 289 F.3d 417, 431 (6th Cir. 2002). Plaintiff identifies neither. His reliance on

the absence of "some evidence" that suggests he's culpable in the RIB hearing does not establish an independent substantive right. The "some evidence" requirement is a minimum *procedural* protection that applies when prison discipline deprives an inmate of a protected liberty interest. *Superintendent v. Hill*, 472 U.S. 445, 454–55 (1985). Plaintiff therefore cannot transform an alleged failure to provide constitutionally adequate disciplinary procedures into a separate substantive-due-process violation merely by characterizing the resulting decision as arbitrary.

Finally, Plaintiff objects to the dismissal of Defendant Wise. The Complaint alleges that Wise removed Plaintiff from Continuing Care recovery services after determining that the program was insufficient to meet Plaintiff's needs in light of the RIB decision. Plaintiff contends that his removal prevented him from earning future "good day" credits. In his objection, Plaintiff further alleges that Wise lacked authority to remove him from the program or make him ineligible for credits.

Even accepting those allegations, Plaintiff has not identified a federal constitutional deprivation. Prisoners do not possess a protected liberty interest in participation in a particular rehabilitative program. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). Nor does Plaintiff have a protected interest in the contingent opportunity to earn future sentence credits. And Wise's alleged failure to comply with ODRC policy or remain within the scope of his authority does not, without more, establish liability under § 1983. *See Stanley v. Vining*, 602 F.3d 767, 769 (6th Cir. 2010). Because the injuries attributed to Wise do not implicate a protected liberty interest, Plaintiff fails to state a due-process claim against him.

Plaintiff also argues that because the RBI disciplinary conviction resulted in the denial of judicial release, a liberty interest is created. But Plaintiff offers only speculation that the state court relied on the disciplinary conviction. The attached Exhibit 1 merely denies the motion without

identifying the disciplinary proceeding as a basis for its decision. Even assuming the conviction was considered, the possibility that prison discipline may influence a future discretionary release determination does not mean the disciplinary sanction itself *inevitably* affected the duration of Plaintiff's sentence under *Sandin*.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (ECF No. 5) are **OVERRULED**. This Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation. (ECF No. 5).

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: August 6, 2026**